BERGER, J.,
concurring and concurring specially.
I wholly concur with the majority opinion that the proper remedy in this case is to seek fees and costs pursuant to section 57.105, Florida Statutes, in the new litigation challenging the 2009 and 2010 classifications. I write separately to remind Ha-vill that, in 2008, a court of competent jurisdiction declared Spencer’s land agricultural. Thus, the portion of Spencer’s land subject to the court’s classification was entitled to continue to receive that classification in subsequent years pursuant to section 193.461(3)(e), Florida Statutes, unless a specified change occurred. The *797 changes warranting reclassification are outlined in section 193.461(4), Florida Statutes, which provides:
(4)(a) The property appraiser shall reclassify the following lands as nonagri-cultural:
1. Land diverted from an agricultural to a nonagricultural use.
2. Land no longer being utilized for agricultural purposes.
3. Land that has been zoned to a non-agricultural use at the request of the owner subsequent to the enactment of this law.
(b) The board of county commissioners may also reclassify lands classified as agricultural to nonagricultural when there is contiguous urban or metropolitan development and the board of county commissioners finds that the continued use of such lands for agricultural purposes will act as a deterrent to the timely and orderly expansion of the community.
(c) Sale of land for a purchase price which is three or more times the agricultural assessment placed on the land shall create a presumption that such land is not used primarily for bona fide agricultural purposes. Upon a showing of special circumstances by the landowner demonstrating that the land is to be continued in bona fide agriculture, this presumption may be rebutted.
While Havill is entitled each year to make a new assessment concerning whether the purpose of the land has changed, he cannot do so arbitrarily. Continuing to reclassify the property year after year without proper authority is a perfect example of government run amuck, which places an unnecessary burden and expense on the property owner to re-litigate the same issue in order to obtain a refund of overpaid property taxes.